UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANTEL BAILEY

CIVIL ACTION

VERSUS

NO. 17-256-JWD-RLB

LOUISIANA DEP'T OF
HEALTH AND HOSPITALS, ET AL.

## RULING AND ORDER

This case concerns the alleged death by suicide of Darnell Bailey ("Darnell") while in the care of the Eastern Louisiana Mental Health System ("ELMHS") for competency restoration prior to trial. (Doc. 55 at 2, 4). Plaintiff Shantel Bailey ("Plaintiff") sued the Louisiana Department of Health ("LDH"); Hampton "Steve" Lea, the CEO of ELMHS; Ronald Johnson, the head of security for ELMHS; and numerous "Correctional Guard Therapeutics" ("CGTs") at ELMHS, including Jerelyn Thornton, Reginald Davis, Khonisha Wilson, Ronnie Bradford, Karen Brown, Jimmie Delk, and Reuban Scott. (*Id.* at 1-2).

In an order of March 13, 2018, the Court dismissed, *inter alia*, Plaintiff's claims against Brown and Bradford. (*Id.* at 33). Although leave to amend was granted with respect to certain claims, Plaintiff did not file an amended complaint, and the Court accordingly entered judgement in favor of Brown and Bradford. (Docs. 60, 61).

Brown and Bradford now move to certify the judgments in their favor as final, appealable judgments pursuant to Federal Rule of Civil Procedure 54(b). (Docs. 62, 64). Brown argues chiefly that there is "no just reason for delay" because she was a "uniquely situated defendant," as Plaintiff's claims against her pertained to her conduct following Darnell's alleged suicide. (Doc. 62-1 at 4-5). Bradford adopts by reference the authority cited in Brown's motion and otherwise

makes few arguments in support of certification aside from noting that all claims against him have been dismissed. (Doc. 64-1 at 1-2).

Plaintiff opposes both motions via single opposition. (Doc. 67). Plaintiff argues that: (1) discovery in this case is ongoing and may result in a motion for leave to amend to "bring these two defendants back into the suit"; (2) the underlying facts regarding Brown and Bradford are "intertwined with the facts of the case in general," and an appellate court might review the same facts twice if appeal is permitted now; (3) Brown and Bradford have not shown any particular hardship or injustice arising from waiting for a final judgment; and (4) a pretrial resolution of this case via settlement could moot any need for an appeal. (*Id.* at 1-5). With respect to her first contention, Plaintiff argues that Bradford's actions were "perhaps the primary cause of Darnell's untimely death, and are at the core of her ADA/RA claims against ELHMS," while Brown attempted to "cover up" Bradford's actions following Darnell's death and discovery may reveal that she was "more involved in the events leading up to his death than it appears at the current time." (*Id.* at 4).

Brown's reply emphasizes that, according to Plaintiff's opposition, Bradford's actions (not Brown's) were the primary cause of Plaintiff's death. (Doc. 69 at 1-2). Brown further argues that the complaint provides no support for the "possibility" of a "pre-death cover up." (*Id.* at 2). Bradford's reply emphasizes that Plaintiff has failed to state any viable claims against Bradford or overcome his qualified immunity defense. (Doc. 72 at 1-2).

When an action presents more than one claim for relief or involves multiple parties, Rule 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *See also PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th

Cir. 1996) ("A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."). Rule 54(b) balances two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoiding piecemeal appeals. *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (citing *PYCA Indus., Inc.*, 81 F.3d at 1421). Accordingly, in evaluating a motion under Rule 54(b), a court must weigh these considerations against each other. *See Rd. Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992). A "major factor" the district court should consider is whether the appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Ichinose v. Travelers Flood Ins.*, 2007 WL 1799673, at *2 (E.D. La. June 21, 2007) (Vance, J.).

Neither Brown nor Bradford has demonstrated that relief under Rule 54(b) is warranted. As Plaintiff correctly observes, neither Brown nor Bradford has made any showing of hardship or injustice that would result from failure to certify. That alone is fatal to the motions. *See PYCA Indus., Inc.,* 81 F.3d at 1421. Plaintiff is also correct that an appeal from a final judgment in this case will likely involve duplicative review of the same facts and some of the same legal issues that would likely be raised in Brown or Bradford's appeal (particularly Bradford's). Under the circumstances, Rule 54(b) certification is improper.

For the foregoing reasons, the instant motions (Docs. 62, 64) are DENIED.

Signed in Baton Rouge, Louisiana, on <u>July 11, 2018</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**